# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MICHAEL JOHN STONE,

        Petitioner,               **3:05-CV-0095-LRH-RAM**

vs.

                                         ORDER

JACKIE CRAWFORD, *et al.*,

        Respondents,

_____/

    Respondents have filed a motion to dismiss petitioner Stone's habeas petition. Docket #10. Respondents argue that Stone has failed to exhaust his state court remedies for Ground Four of his initial petition (docket #2) and the lone claim for relief set forth in his Statement of Additional Claims (docket #6).[1] Stone opposes the motion. Docket #12. In addition, Stone has filed a motion for summary judgment (docket #16) and a motion for stay (docket #18).

    A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509, 515-16

---

[1] Respondents' motion contained additional arguments for dismissal that they subsequently abandoned. See docket #15.

1  (1982); 28 U.S.C. § 2254(b).  A federal court cannot hear a "mixed
2  petition," – that is, a petition that contains both exhausted and
3  unexhausted claims for habeas corpus relief.  *Rose*, 455 U.S. at 521-
4  22; *Szeto v. Rusen*, 709 F.2d 1340, 1341 (9th Cir. 1983).  Thus, if
5  a single one of the claims in the petition is unexhausted, the court
6  is obliged to dismiss the petition for lack of exhaustion.

7  State remedies have not been exhausted unless the claim has been
8  "fairly presented" to the state courts and the highest state court has
9  had an opportunity to dispose of the claim on the merits.  *Duncan v.*
10 *Henry*, 513 U.S. 364, 365-66 (1995); *O'Sullivan v. Boerckel*, 526 U.S.
11 838, 845 (1999).  Furthermore, a petitioner has not exhausted his
12 state court remedies unless he "characterized the claims he raised in
13 the state proceedings *specifically* as federal claims."  *Lyons v.*
14 *Crawford*, 232 F.3d 666, 670 (9th Cir. 2000).  To meet the *Lyons*
15 requirement that a claim be identified as grounded in federal law, the
16 petitioner must have supported the claim in state court proceedings
17 with either a reference to specific provisions of the federal
18 constitution or statutes or a cite to federal case law.  232 F.3d at
19 670.

20 In Ground IV of his petition, Stone claims that his conviction
21 under the Nevada burglary statute, Nev. Rev. Stat. 205.060, was
22 unconstitutional under the Supremacy Clause of the U.S. Constitution
23 because the statute criminalizes the exercise of federal statutory
24 rights.  Stone did not present this claim to the Nevada Supreme Court
25 on direct appeal or in his post-conviction proceeding.  Docket #11,
26

Exhibits 9 and 21.  Thus, the claims is unexhausted.

In addition, Stone concedes that the additional claim contained in his Statement of Additional Claims is unexhausted.  Docket #6.  With that claim, he contends that his counsel on direct appeal was ineffective for not raising the constitutional issues raised in his current federal petition.  *Id*.

Because it contains unexhausted claims, Stone's entire petition is subject to dismissal, unless he elects to abandon the unexhausted claims.  As an alternative, the court may, under some circumstances, stay habeas proceedings and hold the petition in abeyance while the petitioner returns to state court to exhaust remedies.  In *Rhines v. Weber*, ___ U.S. ___, 125 S.Ct. 1528 (2005), the Supreme Court recently placed some limitations upon the discretion of this court to facilitate a habeas petitioner's return to state court to exhaust claims.  The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances.  Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.  Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.  *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 125 S.Ct. at 1535.

In view of the *Rhines* standard, Stone's unexhausted claims do not

3

warrant a stay and abeyance.  The Supremacy Clause claim in Ground Four is plainly meritless.  Only in very rare circumstances are state criminal statutes invalidated under the Supremacy Clause.  *See e.g.*, *Pennsylvania v. Nelson*, 350 U.S. 497, 518-19 (1956) (concluding that the federal Smith Act preempted the enforceability of the Pennsylvania Sedition Act which proscribed the same conduct).  *Nelson* articulated the three tests used to determine whether federal law has preempted the field to the exclusion of state law: (1) whether the federal regulation was so pervasive as to lead to a reasonable inference that Congress left no room for the states to supplement it, (2) whether the federal regulation touched a field in which federal interest is so dominant that preclusion of state laws might be presumed, and (3) whether enforcement of a state statute would present serious danger of conflict with the administration of a federal program.  *Id*. at 501-06.

Nev. Rev. Stat. 205.060 makes a person guilty of burglary if he enters a business establishment with the intent to commit larceny therein.  The federal statutory rights to which Stone claims Nev. Rev. Stat. 205.060 must give way are those arising under 42 U.S.C. § 2000a, *et seq.*, which are provisions of the Civil Rights Act of 1964 that prohibit various acts of discrimination or segregation, "on the ground of race, color, religion, or national origin," in relation to public accommodations.   While allowing Stone to enter commercial establishments free from discrimination or segregation, these federal provisions clearly do not preclude or preempt a state law prohibiting

him from doing so with the intent to commit larceny.

As for the ground for relief in his Statement of Additional claims, Stone has made no showing of good cause for failing to present this claim in his state post-conviction proceedings. Thus, a stay and abeyance to allow him to return to state court would be an abuse of discretion under *Rhines*.

Lastly, Stone's pending motions shall be denied. His motion for summary judgment (docket #16) fails because he has not demonstrated that he is entitled to judgment in his favor as a matter of law. *See* Fed. R. Civ. P. 56(c). With his motion for stay (docket #18), Stone asks this court to halt the enforcement of a state court order that he pay restitution. It is doubtful that this court has the authority to issue such a stay. *See* 28 U.S.C. § 2251 and 2254 (allowing for federal law challenges a state prisoner's *custody*). Even if it does, a stay is not warranted in the absence of any showing that the restitution order will cause Stone irreparable harm and that there is a substantial likelihood that his conviction will be set aside.

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (docket #10) is GRANTED.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** from the date of entry of this order to file a declaration abandoning Ground Four of his petition (docket #2) and the claim contained in his Statement of Additional Claims (docket #6). Petitioner's failure to do so will result in this court dismissing his petition.

**IT IS FURTHER ORDERED** that respondents shall have **thirty (30)**

5

1 **days** from the date petitioner files his declaration of abandonment 2 within which to file an answer to petitioner's remaining claims.

3     **IT IS FURTHER ORDERED** that petitioner's motion for summary 4 judgment (docket #16) and motion for stay (docket #18) are both 5 DENIED.

6     Dated this 10th day of January, 2006.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE